UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERMON REZENE,

    Plaintiff,

v.

USD 500 KANSAS CITY, KANSAS, and
MARY M. STEWART,

    Defendants.

Case No. 25-2305-HLT-GEB

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mary M. Stewart's Motion for Stay ("Motion") **(ECF No. 14)**. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

**I.    Procedural Background**

Plaintiff is employed by Defendant USD 500 Kansas City, Kansas ("USD 500"). Defendant Mary M. Stewart ("Stewart") is the former principal at Wyandotte High School where Plaintiff works. Plaintiff brings two counts of hostile work environment in violation of 42 U.S.C. § 1981, one against USD 500 and one against Stewart. She alleges Defendants are liable by and through 42 U.S.C. § 1983 for the hostile work environment to which she was allegedly subjected. Both Defendants filed a motion to dismiss. Stewart raises the defense of qualified immunity. USD 500 does not raise qualified or any other immunity in its motion.

1

Stewart, in her Motion, seeks to stay discovery and "all other proceedings" in this matter until her motion to dismiss is decided. USD 500 does not join Stewart in her Motion. Plaintiff filed her response in opposition. Following Plaintiff's response, the Court set this Motion for hearing and indicated no written reply was necessary, as any argument in reply could be presented at the hearing. Nonetheless, Stewart filed a reply. The Motion is ripe for decision.

## II.     Defendant Mary M. Stewart's Motion for Stay

### a.     Legal Standard

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."[1] When exercising this discretion, a court "must weigh competing interests and maintain an even balance."[2]

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[3]

---

[1] *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).
[2] *Doe v. Porter*, No. 24-2341-JWB, 2024 WL 5187480, at *2 (D. Kan. Dec. 19, 2024) (quoting *Landis v. North. Am. Co.*, 299 U.S. 248, 255 (1936)).
[3] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled,* No. 18-2703-CM, 2019 WL 2435725 (D. Kan. June 11, 2019).

Defendants are generally entitled to have questions of immunity determined before being required to engage in "the burdens of such pretrial matters as discovery."[4] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[5] "Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit."[6] "The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[7] "One reason for this is to allow courts to 'weed out' lawsuits 'without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits.'"[8]

  **b.**  **Discussion**

Stewart seeks a stay of discovery and "all other proceedings" in this matter until her motion to dismiss is decided. The briefing on her motion to dismiss will, of course, proceed thus, the Court construes this Motion as seeking an order to stay discovery and defer setting a Rule 16 case management conference where deadlines in the matter would be set. Understanding Stewart has raised qualified immunity in her motion to dismiss, Plaintiff does not object to staying discovery for Stewart until her motion to dismiss is decided.

---

[4] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).
[5] *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014)).
[6] *Clay v. Hydro*, No. 19-3245-DDC, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).
[7] *Arnold*, 2019 WL 2438677, at *2 (citing *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)) ("The entitlement is an *immunity from suit* rather than a mere defense to liability....") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).
[8] *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

Plaintiff, however, objects to staying discovery for USD 500 who does not raise any defense of immunity and does not join Stewart in this Motion. Stewart argues if the Court only stays discovery for her, she will still be required to participate in and defend herself as a named party in this action.

Weighing the parties interests, Plaintiff alleges no burden if a full stay is granted. However, Stewart alleges she will still be required defend herself if discovery is stayed only for her. Reviewing Plaintiff's Complaint, the Court is inclined to agree with Stewart. She, as the then principal of Wyandotte High School, handled Plaintiff's formal grievance against Matthew Greenberg, who was then a Special Education Teacher at the school. Plaintiff takes issue with how Stewart handled the grievance. In her hostile work environment claims against both USD 500 and Stewart, she alleges Stewart was the final policymaking authority for USD 500 and Stewart failed to take remedial and preventive action reasonably calculated to end the racial harassment against her by Greenberg. Both claims are based upon Stewart's actions in handling the grievance against Greenberg.

Where Plaintiff alleges no burden if discovery in this case is stayed in full and Stewart's handling of the grievance is at the heart of the claim against USD 500. The Court agrees permitting discovery to proceed against USD 500 before would require her to defend herself in this action. The interests weigh in favor of a complete stay to avoid Stewart being deprived of the benefit of qualified immunity. In the Court's discretion, a Rule 16 conference setting deadlines and discovery will be stayed until Stewart's motion to dismiss is decided. The Court will promptly set a Rule 16 conference after the ruling, if necessary.

For the reasons set forth above, the Court **GRANTS** Defendant Mary M. Stewart's

Motion for Stay **(ECF No. 14)**.

    **IT IS SO ORDERED.**

Dated this 10th day of November 2025.

                                             s/ Gwynne E. Birzer
                                             GWYNNE E. BIRZER
                                             U.S. Magistrate Judge